OPINION OF THE COURT — by the
Hon. POWHATTAN ELLIS.
This case comes up on a writ, of error from the court below; and the plaintiff, by his counsel, assigns for error in the record,"the following facts:.
1st. The court erred in rejecting Mrs. Duggin, as an incompetent witness, upon the ground that she held in her possession a negro, one of the ■same family of petitioners; and
2d. The court erred in rejecting Mrs. Duggen as an incompetent witness, because she declared she felt interested-; having exchanged one of the petitioners for. another negro.
In reference to the adjudged cases in our courts, it may be laid down as a fundamental principle of the law, that there are four causes which may exist, going directly to produce the incompetency of the witness; either ef which, will exclude him from being sworn.
1st. If he be insane, an idiot or a lunatic, he is incompetent: So, if he be an atheist, or does not believe in a state of future rewards and punish4 ments. So, if he be convicted of an infamous offence; and so, also, if he be interested in the event of the suit. It is upon the last mentioned *132 point of disqualification, the decision in the present case must rest. The reported cases in the old books upon this point, are very contradictory and unsatisfactory, and never were resolved into a well established principle of the law, until the celebrated case ruled by lord Mansfield, in 1 Term Reports, 296. There the court decided, they would refer every objection to the credibility of the witness, unless it established an immediate interest in the event of the suit. And Mr. justice Buller, in commenting upon the question of interest observed, “It is much to be lamented, that there is such a confusion in the cases.”
I have always been of opinion, that the best rule to go by, was to consider, whether the witness was to derive any advantage from the event of the cause: But many cases go strongly to contradict that idea. A' clear and manifest distinction is taken between the interest which a witness may have in the event of the cause, and the question to be put to him;- but the judges declared, it was best to lot the objection go to an interest in the event of the cause, before they would declare him imeom. petent, and in doing this, many of the old cases were overruled, and. something like a permanent land mark established, to regulate the courts in their future decisions. It will not do to disqualify a witness, because he may have a bias upon his mind, and feels anxious as to the result of the suit, although such a circumstance will and ought to have its proper weight with the jury, when they take into consideration his credibility; yet, it should not touch his competency. As if a witness is called to testify, and he stands in the same situation with the person who calls him, this will not be a disqualification upon the ground of interest, yet, he feels a strong bias upon his mind, as it relates to the final determination of the suit. So, ■ “if several persons are separately indicted for perjury in swearing to the same fact, either of them, before conviction, may be a witness on the trial of the others.” So, if an action be instituted against an underwriter on a policy of insurance, another underwriter is a competent witness. And lord Kenyon said, the rule was founded in law and in justice, and proceeded upon the principle, “If the proceeding in the cause cannot be used for him, he is a competent witness, although he may entertain wishes upon the subject, for that only goes to his credit, and not to his competency.” 3 Durnford and East 32. 7 Term Reports, 62. 4 Burrows, 2251. *133 7f then, the witness be interested in the event of the suit, or if the verdict and judgment of the court can be used either for or against him in a subsequent suit, it will be a decided disqualification, and he cannot be sworn. 3 Johnson’s Cases, 82. 4 Johnson’s Reports, 302. 1 Henning and Munford, 165. As to the quantity, or the nature of the interest, it makes no difference how great or small the interest is, if it be satisfactorily established in the mind of the court, it will operate a total disqualification. As to the interest, it must be direct and positive in its nature, and not remote and contingent in its operation. Carter vs. Pearce, 1 Term Reports. “In a late case in the high court of admiralty, an objection was made to the witness, who acknowledged in his answer, that he could not say he was not interested, inasmuch as he conceived he would be entitled to share, if his vessel should be pronounced-a joint captor, though he had signed a release. And Sir William Scott decided that the witness was incompetent; for he had always understood the distinction to be, that if the witness says only that he expects to share from the bounty of the captors, he is not disqualified, or rendered incompetent, whatever may be the deduction of credit to which he is exposed. But, if he thinks himself entitled in law, he acts under an impression of interest, which renders him incompetent, however erroneous that opinion may be. So in this case, when Mrs. Duggen was called by the petitioners, she expressly stated, “she felt herself interested, having exchanged one of the petitioners for another negro.” It was not denied by the counsel in argument, that if Mrs. Duggen had been called, by defendant, and verdict and judgment of eviction was rendered against him, that the witness would be evidently incompetent, because the record in the case could be used against the witness in an action instituted by the present defendant against said witness. Although there is a distinction taken in the books, in relation to the competency of witnesses, depending upon the call of plaintiff or defendant, yet when a case is presented to our consideration,'and the result of the cause may be used, either for or against the witness in another suit; no matter whether he be called to testify for or against his rights, it will, in our estimation, go to his disqualification and render him incompetent; and although the plaintiff in this case may be willing to run the risque, as the witness is called to testify against his interest, yet, we think it would be *134 going too far, to reverse the judgment of the court below upon the Iasi. ground mentioned in the assignment of errors. Upon the first point there can be no doubt.
JVbíc. — Thercaremany conflicting authorities in relation to the doctrines involved in this decision;A majority of the. states have not sustained the positions assumed by the court in this case. A contrary rule also prevails in Louisiana, and in those countries under the empire of the civil law. A certain interest in the oventof the suit renders the witness incompetent, without regard to the magnitude or extent of the interest. If we extend this rule, so as to embrace individuals having no interest in the event of the suit, but believing themselves to be interested, is there not great danger of exclud* ing testimony, calculated to shed much light on the investigation of causes? Those general rules are most judicious, which, in a majority of cases, will probably produce more benefit than injury in the eearch after truth. How is the fact that tiie witness believes himself to be interested to be ascertained? By questions propounded to*the witness upon an examination on his voire dire, As this belief, of the witness in an interest which does not exist, mustbe confined to the bosom of the witness himself, would lie avow this belief and thereby exclude the party calling him from the benefit of his testimony, if he were willing to commit perjury for the benefit of that party; and if he were willing to do so, would he not conceal the fact that he,believed himself to be inteiested? The rule then, would not in practice, exclude thoso who were will ing to commit perjury, whilst its practical affect would be, to prevent the examination of witnesses, having no actual interest in the event of the suit, and in whose testimony the jury might so often reposo with implicit confidence. The leaning of the courts in the modern decisions, is to confine the objection to the credibility of the witness. Why then enlarge the ancient rule, so as to place an ideal, on the same footing us an actual interest? Is the competency of the witness to depend upon his ignorance of the law of evidence, and is this to deprive parties of important testimony? Even an interested witness cannot deprive a party of his testimony, by refusing to receive a release, why then should he be permitted to do so, by persisting in a belief that he was interested, when the contrary might bo evident to the bench, the bar, and tho jury? Are persons called as witnesses, toSbe converted into judges in their own case, in the last resort, of the law of evidence, and their ignorance, be permitted to inflict a serious injury upon others? If a belief of a witness in an interest, where none exists, should exclude his testimony, why should not his belief that he was not interested, when the contrary was the fact, render his testimony admissublc. If his belief should be the standard in the one case, why not in the other?
Nor is it perceived, why a witness should be excluded fiom testifying against his internet.
Because an individual is interested in the success of the plaintiff, is there any good reason why the defendant should be deprived of the benefit of his testimony. In such a case, the motives of interest, against which the person is called to depose, are superadded to the sanctity of an oath, to the dictates of conscience, to the fear of discovery and the apprehension of punishment here or hereafter. Such a witness, would in almost every case be believed by the jury. Why than exclude Iiis testimony?
It must bo conceded, however, that the points ruled by [the court in this case, are sanctioned by many respectable authorities.
Let the judgment of the court below be affirmed.
Hampton, chief justice, concurred.